UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARWIN FRANCISO DOMINGUEZ GARCIA,

Petitioner,

v.

TODD M. LYONS, et al.,

Respondents.

Case No. 1:26-cv-02829-KES-HBK (HC)

ORDER DIRECTING SUPPLEMENTAL BRIEFING AND DENYING WITHOUT PREJUDICE MOTIONS FOR EXPEDITED RESOLUTION

(Docs. 14, 15)

FOURTEEN-DAY DEADLINE

Petitioner, an immigration detainee in U.S. Immigration and Customs Enforcement (ICE) custody at the California City Detention Facility in California City, California, is proceeding pro se on his petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his prolonged detention without a bond hearing. (Doc. 1, "Petition").

On April 17, 2026, Respondents filed a response to the Court's show cause order alleging Petitioner was arrested and detained by Immigration and Customs Enforcement on the basis that "he has an active INTERPOL Red Notice issued by the Honduran government because he is wanted for Illegal Human Trafficking Recurring in a Series of Similar Crimes." (Doc. 7 at 2:15-16). In support, Respondent submitted a document identified as an INTERPOL Red Notice, but has not supplied an English translation. (Doc. 7-1 at 4). On July 27, 2026, Respondents filed a supplemental response maintaining that Petitioner is subject to detention under 8 U.S.C. § 1226(c)(1)(A) because he is inadmissible for human-trafficking conduct under 8 U.S.C.

§ 1182(a)(2)(H)(i). (Doc. 11 at 1).

Before the Court are Petitioner's supplemental brief disputing the asserted basis for his detention under 8 U.S.C. § 1226(c), and his motions for expedited resolution of his petition. (Docs. 12, 14, 15). In his supplemental brief, Petitioner denies that he is the subject of an INTEPOL Red Notice. He also asserts that Respondent has provided no criminal complaint, indictment, judgment of conviction, or other documentary evidence substantiating the alleged criminal matter. Petitioner maintains that the underlying matter was a civil dispute rather than a criminal proceeding.

Further briefing and English translation of the submitted notice are necessary to clarify the record and the asserted legal basis for Petitioner's detention.

The Court acknowledges Petitioner's requests for expedited resolution and the liberty interests implicated by his continued detention. The Court is addressing habeas petitions as expeditiously as possible, but an extreme backlog limits its ability to resolve each petition within the requested timeframe. The Court will consider this petition promptly upon completion of the supplemental briefing but cannot commit to a specific decision date.

Accordingly, it is hereby ORDERED:

1. Within fourteen (14) days of entry of this Order, Respondent shall file a supplemental response addressing Petitioner's supplemental brief. The response shall:

    a. Include an English translation of the INTERPOL Red Notice, including any attachments on which Respondent relies, accompanied by a signed declaration identifying the translator's qualifications or competency and certifying that the translation is complete and accurate;

    b. Identify the notice's source, explain how it was obtained, state the basis for asserting it is authentic, concerns Petitioner, and remains active;

    c. Explain how the evidence satisfies the requirements for mandatory detention under 8 U.S.C. § 1226(c)(1)(A) and the asserted inadmissibility ground under 8 U.S.C. § 1182(a)(2)(H); and

    d. If Respondents rely on a different statutory ground, they shall identify it and

how its requirements are satisfied. ***If Respondents contend that detention rests solely on conduct-rather than conviction***, they shall identify the governing provision and the evidence establishing its required predicates.

2. Petitioner may file a supplemental reply within five (5) days after service of Respondent's submission.

3. Petitioner's motions for expedited resolution (Docs. 14, 15) are DENIED WITHOUT PREJUDICE.

4. The Court reserves determination of the issues raised in the Petition pending completion of the supplemental record.

Dated: October 14, 2026

Helena M. Barch-Kuchta

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE