UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARWIN FRANCISCO DOMINGUEZ GARCIA,

Petitioner,

v.

WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al.,

Respondents.

Case No. 1:26-cv-02829-KES-HBK (HC)

FINDINGS AND RECOMMENDATIONS TO GRANT PETITION FOR WRIT OF HABEAS CORPUS IN PART[1]

(Doc. 1)

Petitioner Darwin Francisco Dominguez Garcia, an immigration detainee proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241. He contends that his detention should be governed by 8 U.S.C. § 1226(a), rather than the mandatory detention provisions of § 1226(c), and that his detention violates the Due Process Clause of the Fifth Amendment. He requests immediate release, or alternatively, a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that continued detention is necessary. (Doc. 1 at 7-9).

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2026).

Petitioner also moved for temporary restraining order. (Doc. 2). On May 7, 2026, the district judge denied the motion after Respondents' response, concluding that Petitioner was subject to mandatory detention under § 1226(c)(1)(A) based on Respondent's asserted ground of inadmissibility under § 1182(a)(2)(H)(i). (Doc. 8). Respondents rely on an Interpol Red Notice and Honduran arrest warrant concerning alleged trafficking-related conduct. (*Id.*). The district judge referred the matter to the assigned magistrate judge for further proceedings. (*Id.*).

Respondents maintain that Petitioner is subject to mandatory detention under § 1226(c)(1)(A) because his alleged conduct renders him inadmissible under § 1182(a)(2)(H)(i). (Doc. 11). They also contend that he failed to exhaust administrative remedies, including a custody challenge under *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999). (*Id.*).[2]

Petitioner disputes the factual and legal basis for his mandatory detention. In his initial response, he asserted that the allegations underlying the INTERPOL Red Notice arose from a "civil business dispute" rather than criminal proceedings and has been resolved. (Doc. 12).

On October 14, 2026, the Court directed supplemental briefing. (Doc. 16). Respondents thereafter submitted a certified English translation of the INTERPOL Red Notice and a Honduran arrest warrant issued by the First Trial Court, La Esperanza, together with supplemental briefing and a declaration from Deportation Officer Franklin Guzman. (Docs. 18, 19). In his supplemental filing, Petitioner concedes that the INTERPOL Red Notice may be considered as evidence but challenges the validity of the Honduran arrest warrant and the reliability and sufficiency of the evidence offered to establish a statutory basis for mandatory detention. He also requests an evidentiary hearing. (Doc. 20).

For the reasons set forth below, the undersigned recommends that the Petition be granted in part on statutory grounds.

////

////

[2] The Court assumes without deciding that Petitioner has not exhausted administrative remedies. Because exhaustion under § 2241 is prudential rather than jurisdictional, the Court may excuse exhaustion in appropriate circumstances. *Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017). The Court exercises that discretion for the limited issue resolved here.

## I. BACKGROUND

Petitioner is a native and citizen of Honduras. (Doc. 7-1 at 2). He entered the United States without inspection on or about February 2, 2021, and thereafter resided in the interior of the country. (*Id.*; Doc. 1 at 4).

The Federal Bureau of Investigation referred Petitioner's case to U.S. Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations, based on an INTERPOL Red Notice identifying him as wanted in Honduras in connection with alleged trafficking-related conduct. (Doc. 7-1 at 2-5; Doc. 19 at 2). ICE confirmed on December 1, 2025, that the INTERPOL Red Notice remained active. (Doc. 19 at 2). Officers apprehended Petitioner during a targeted vehicle stop on December 8, 2025. (Doc. 7-1 at 3; Doc. 19 at 2).

That same date, Petitioner was placed in ICE custody, and the Department of Homeland Security ("DHD") issued a Notice to Appear charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) (alien entry without inspection) and § 1182(a)(7)(A)(i)(I) (lack of valid entry documents). (Doc. 7-1 at 6-9). Respondents' records indicate that Petitioner withdrew a request for a bond hearing on April 1, 2026. (Doc. 7-1 at 12).

On June 3, 2026, an immigration judge denied Petitioner's application for asylum, withholding of removal, and protection under the Convention Against Torture and ordered him removed to Honduras. (Doc. 11-1). According to the Executive Office for Immigration Review's Automated Case Information System, an appeal was received on June 22, 2026, and remained pending as of November 11, 2026.[3]

As of October 26, 2026, the INTERPOL Red Notice remains active. (Doc. 19 at 2). Petitioner remains detained by ICE at the California City Immigration Processing Facility. (Doc. 1 at 3; Doc. 19 at 2).

////

////

////

[3] *See* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited November 11, 2026).

## II. APPLICABLE LAW AND ANALYSIS

A district court may grant habeas relief to a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). District courts retain jurisdiction over habeas challenges to immigration detention that are "sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir. 2011)); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018).

### A. Respondents Have Not Established Adequate Notice and an Opportunity to Challenge the Asserted Basis for Mandatory Detention

Section 1226(a) generally authorizes detention pending a decision on whether a noncitizen is to be removed and permits release on bond or conditional parole. Regulations provide for an initial bond determination and review by an immigration judge. *Jennings*, 583 U.S. at 306; 8 C.F.R. § 236.1(d)(1). At an ordinary initial bond hearing, the noncitizen bears the burden of establishing that they are not a danger to the community or a flight risk by a preponderance of the evidence. Matter *of Guerra*, 24 I.& N. Dec. 37, 40 (B.I.A. 2006); *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007).

Section 1226(c), by contrast, "carves out a statutory category of aliens who may *not* be released under § 1226(a)," and requires detention of certain noncitizens who fall within specified criminal categories. *Jennings*, 583 U.S. at 289 (emphasis in original). As relevant here, § 1226(c)(1)(A) applies to a noncitizen who "is inadmissible by reason of having committed any offense covered in section § 1182(a)(2)."

Respondents contend that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A) because his alleged conduct renders him inadmissible under §1182(a)(2)(H)(i). Respondents rely on an INTERPOL Red Notice and Honduran arrest warrant describing alleged paid transportation of individuals across an international border. (Doc. 18-1). Petitioner disputes both the reliability of those materials and whether the alleged conduct falls within the scope of §1182(a)(2)(H)(i). (Doc. 20).

Here, Petitioner's Notice to Appear charges inadmissibility only under § 1182(a)(6)(A)(i)

and § 1182(a)(7)(A)(i)(I), not § 1182(a)(2). (Doc. 7-1 at 6-9). Respondents identify no amended or supplemental charging documents alleging inadmissibility under § 1182(a)(2).

"The plain language of 8 U.S.C. § 1226(c)(1)(A) requires an administrative charge of inadmissibility by reason of having committed an offense covered in 8 U.S.C. § 1182(a)(2) as a prerequisite to mandatory detention under that provision." *Colmenares-Pinto v. Warden of Golden State Annex Ice Det. Facility*, 2026 WL 923804, at *2 (E.D. Cal. Apr. 6, 2026), *report and recommendation adopted*, 2026 WL 1430913 (E.D. Cal. May 21, 2026); *see also Christhopher B.P. v. Warden, Cent. Valley Annex*, No. 1:26-CV-06804-TLN-AC, 2026 WL 3408400, at *3 (E.D. Cal. Nov. 10, 2026) (recognizing this District routinely finds that § 1226(c)(1)(A) does not authorize mandatory detention where DHS has failed to charge a noncitizen with any offense covered by § 1182(a)(2)) (collecting cases).

However, the Court finds the absence of a qualifying charge does not end the inquiry. The Board of Immigration Appeals (BIA) has distinguished the grounds in removal proceedings from those supporting mandatory detention. *In Matter of Kotliar*, 24 I. & N. Dec. 124, 126-27 (BIA 2007), the BIA held that a noncitizen may be subject to mandatory detention under § 1226(c)(1)(B) even when DHS has not charged removability on the grounds supporting detention. In those circumstances, the adjudicator examines the record to determine whether the noncitizen committed an offense that would support a qualifying charge of removability. *Id.* But the rule requires compliance with an express procedural requirement:

> Where the basis for detention is not included in the charging document, the alien must be given notice of the circumstances or convictions that provide the basis for mandatory detention and an opportunity to challenge the detention before the Immigration Judge during the bond redetermination hearing.

*Id*. at 127. The Board reaffirmed the distinction between charging and detention in *Matter of Ghanbari*, 291 I. & N. Dec. 376, 377 (BIA 2025) concerning § 1226(c)(1)(D).

These decisions addressed different mandatory-detention categories from the instant case, but the Court need not decide whether their substantive holdings extend to § 1226(c)(1)(A). Even assuming Respondents may rely on an uncharged ground under that provision, the record must establish compliance with the notice and opportunity to challenge requirements espoused in

*Kotliar*.

The Court finds the reasoning in *Christhopher B.P. v. Warden, Cent. Valley Annex*, 2026 WL 3408400, at *3, instructive. There, the court discussed the administrative charge requirement recognized in *Colmenares-Pinto* but also recognized, consistent with *Kotliar*, that an omitted basis for detention may be addressed through proper notice and opportunity to challenge the detention. *Christhopher B.P. at* * 3-4 (holding mandatory detention had not been established where charging document did not identify qualifying offense and respondents supplied no other notice to petitioner of detention authority).

Accordingly, the Court does not rest its determination here solely on the absence of a charge under § 1182(a)(2)(H)(i). Instead, the Court considers whether the record reflects Respondents otherwise provided Petitioner notice of the circumstances supporting mandatory detention and a meaningful opportunity to challenge that classification before an immigration judge.

On the present record, Respondents have not established that such notice was provided. The Notice to Appear does not identify the alleged trafficking conduct as a basis for inadmissibility or mandatory detention. (Doc. 7-1 at 6-9). Although Respondents submitted the INTERPOL Red Notice, the Honduran arrest warrant, certificated translations, and Officer Guzman's declaration, the identified materials do not establish when DHS informed Petitioner that those allegations supplied the basis for detention under § 1226(c)(1)(A). (Docs. 18-19).

Petitioner's April 1, 2026 withdrawal of a bond-hearing request does not, by itself, establish that he received notice before withdrawing that request. (Doc. 7-1 at 12). Nor does the present record establish that he subsequently had a meaningful opportunity to contest his classification before an immigration judge.

Respondents' filings in this action establish Petitioner's present awareness of their statutory theory for detention. His opportunity to respond in this proceeding, however, does not establish that Petitioner received the requisite administrative opportunity to challenge his detention as required by *Kotliar*.

On the present record, the Court finds Respondents have not shown that Petitioner is

properly detained under § 1226(c)(1)(A) based upon the omission of a qualifying ground from the Notice to Appear, coupled with absence of a record establishing that the omission was otherwise addressed through adequate notice and an opportunity to challenge the asserted basis of detention.

The Court's conclusion is limited. The Court does not resolve the disputed allegations underlying the INTERPOL Red Notice or the Honduran arrest warrant, nor does it determine whether those allegations otherwise support Petitioner's classification under § 1226(c)(1)(A).[4] It concerns only the absence of a record establishing notice and meaningful opportunity for administrative review.

B. Petitioner is Subject to Discretionary Detention under § 1226(a)

Having concluded that Respondents have not established that § 1226(c)(1)(A) properly governs Petitioner's current detention on the present record, the Court turns to the applicable discretionary detention framework and appropriate relief. Section 1226(a) generally authorizes detention pending a decision on removal and permits release on bond or conditional parole.

Petitioner was apprehended in the interior of the United States after residing here for several years. Under *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), noncitizens present without admission who are apprehended in the interior of the country are detained under § 1226, rather than § 1225(b)(2)(A). Although an immigration judge has ordered Petitioner removed, his timely administrative appeal remains pending, and the removal order is not administratively final. *See* 8 C.F.R. § 1241.1. Respondents identify no other applicable basis for mandatory detention. Accordingly, the Court concludes that the discretionary framework of § 1226(a) governs Petitioner's detention. *See Escalona Rivero v. Mesa Verde ICE Processing Cntr.*, No. 1:26-cv-4605-JLT-FJS, 2026 WL 2720921, at *2 (E.D. Cal. Sept. 15, 2026) (collecting cases).

[4] To the extent DHS continues to assert Petitioner is subject to mandatory detention under § 1226(c)(1)(A), Petitioner may challenge that classification before an immigration judge in a hearing under *Matter of Joseph*, 22 I. & N, Dec. 799, 799 (BIA 1999). That proceeding provides a forum to contest the reliability and legal significance of the evidence offered to establish his inclusion in the mandatory-detention category. *See Demore v. Kim*, 538 U.S. 510, 513 n.3 (2003) (explaining that a detainee may avoid mandatory detention by demonstrating, among other things, that the government is "substantially unlikely to establish that he is in fact subject to mandatory detention."). Such a classification hearing is distinct from a discretionary bond determination under § 1226(a).

That conclusion does not entitle Petitioner to immediate release. Section 1226(a) authorizes detention as well as release on bond or conditional parole. The appropriate relief is an individualized custody determination under the correct statutory framework, with access to review by an immigration judge under the applicable regulations. See 8 C.F.R. §§ 1003.19, 1236.1. The allegations underlying the Red Notice and Honduran warrant may be considered in assessing custody to the extent permitted by governing standards, but the asserted trafficking ground does not establish mandatory detention at this time for the reasons explain above.

Because the Court resolves the applicable detention framework on statutory grounds, it does not reach Petitioner's separate constitutional challenge.

Accordingly, IT IS RECOMMENDED**:**

1. The Petition for Writ of Habeas Corpus (Doc. 1) be GRANTED in part to the extent Petitioner seeks a determination that his detention is governed by 8 U.S.C. § 1226(a).
2. Respondents be directed to provide Petitioner with a bond redetermination hearing before an immigration judge under 8 U.S.C. § 1226(a) within seven days after service of the order adopting these findings and recommendations, unless Petitioner requests an extension to the hearing to retain counsel.
3. Petitioner's motion for expedited resolution (Doc. 17) be DENIED AS MOOT.
4. Petitioner's request for evidentiary hearing concerning the disputed foreign allegations (Doc. 20) be DENIED because resolution of those factual disputes is unnecessary to the Court's statutory determination.

**NOTICE OF EXPEDITED OBJECTIONS**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Given the recommendation to grant the petition in part, a party may file written objections with the Court within five (5) days of service of these Findings and Recommendations. *Id.*; Local Rule 304(b) (permitting court to set a different time). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed fifteen (15) pages. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District

Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated: November 16, 2026

Helena M. Barch-Kuchta
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE